UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSEPH L. PORTER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-482-JD-AZ |
| ALLEN COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Joseph L. Porter, a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Porter is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Porter is a pretrial detainee at the Allen County Jail. He claims that on October 14, 2024, he received his commissary order and noticed that a few items were missing "due to insufficient funds." He decided to return four packets of chicken so that he

could buy potato chips instead. He gave the chicken to Officer Ferrier Preston but claims he never received a refund of the $18.00 he spent on the chicken. He also claims that the prices at the commissary are too high. He sues the Allen County Jail, Officer Preston, and two other jail employees seeking $2 million in damages and other relief.

Porter has an adequate state post-deprivation remedy available to seek compensation for the money he spent on the chicken. *See* IND. CODE § 34-13-3-8 *et seq.* Therefore, he cannot pursue a federal due process claim against Officer Preston based on this loss. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property). His allegation about high prices at the commissary also does not support a constitutional claim. *See Beiler v. Jay Cnty. Sheriff's Off.*, No. 1:11-CV-380 PS, 2012 WL 2880563, at *6 (N.D. Ind. July 13, 2012) ("[I]nmates have no Constitutional right to demand items for purchase at the commissary at the lowest possible price.").

Additionally, the jail is not a viable defendant because it is a building, not a person or policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Porter does not describe any actions taken by the other two defendants, Cindy Foster and Shady K. Sandra, and they cannot be held liable for damages solely because they work at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Therefore, the complaint does not state a claim upon which relief can be granted. Although it appears unlikely he can state a constitutional claim based on this issue, in the interest of justice, the court will allow him an opportunity to file an amended complaint before the case is dismissed. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013). He may file an amended complaint if, after reviewing this order, he believes he can state a plausible constitutional claim based on this issue, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) GRANTS the plaintiff until **February 3, 2025**, to file an amended complaint; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on January 3, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3