UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JOSEPH L. PORTER,

    Plaintiff,

    v.     CAUSE NO. 1:24-CV-482-JD-AZ

CINDY FOSTER, et al.,

    Defendants.

OPINION AND ORDER

Joseph L. Porter, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) The court screened his original complaint and determined that it did not state a claim for relief. (ECF 7.) He was afforded an opportunity to file an amended complaint before the case was dismissed under 28 U.S.C. § 1915A. (*Id.*) He responded with the present pleading.

In accordance with 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Porter is

proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Porter is a pretrial detainee at the Allen County Jail. As with the original complaint, he claims that on October 14, 2024, he received his commissary order and noticed that a few items were missing "due to insufficient funds." He decided to return four packs of chicken so that he could buy potato chips instead. He returned the chicken but allegedly never got a refund. He sues three jail employees and Allen County, seeking $2 million in damages.

Porter has an adequate state post-deprivation remedy available to seek compensation for the refund he claims to be owed. *See* IND. CODE § 34-13-3-8 *et seq.* Therefore, he cannot pursue a federal due process claim based on this property loss. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property).

Within the amended complaint he states, "I feel like I'm being deprived due to be[ing] African American." (ECF 8 at 2.) He may be trying to assert an Equal Protection claim. The Equal Protection Clause of the Fourteenth Amendment prohibits intentional racial discrimination. *Williams v. Dart*, 967 F.3d 625, 637 (7th Cir. 2020). To assert an Equal Protection claim, a prisoner must allege that he is a member of a protected class and that a prison employee treated him less favorably than other prisoners outside the class who were similarly situated. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005).

2

Porter asserts that he is a member of a protected class, but he does not include factual content to plausibly suggest that the failure to process his commissary refund was racially motivated, or that another inmate outside his racial group was treated more favorably under similar circumstances. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

He also states that because of this incident he had to "go to bed starving without any food to eat." (ECF 8 at 2.) The Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment. *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). Detainees have a right to be provided with "basic human need[s]," including a nutritionally adequate diet. *Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015); *see also Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). Porter does not include factual content to plausibly suggest that he was denied a nutritionally adequate diet at the jail. Rather, he describes an instance wherein he was unable to buy potato chips. He has not stated a plausible claim for the denial of a basic human need.

He has added Allen County as a new defendant, presumably because the County employs the jail staff involved in this incident. The County cannot be held liable for damages simply because it employs staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). The County can be sued for a constitutional violation under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but only if an employee's

3

unlawful acts "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a plausible *Monell* claim, a plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Porter does not identify an official policy held by the County that caused him injury, nor does he allege facts permitting a reasonable inference that the County has an official custom that violates the Constitution. Instead, he describes an isolated incident where a few jail employees allegedly failed to process a commissary return. He has not stated a plausible *Monell* claim. *Howell*, 987 F.3d at 654.

Therefore, the amended complaint does not state a claim upon which relief can be granted. Porter has already been granted an opportunity to amend, and his amended complaint is largely the same as the original. The court finds no basis to conclude that if given another opportunity, he could state a plausible constitutional claim based on this incident, consistent with what he has already alleged under penalty of perjury. Therefore, the case will be dismissed.

For these reasons, this action is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close the case.

SO ORDERED on February 11, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT